IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN PECKHAM, )
)
                **Plaintiff,** )
) CIVIL ACTION
v. )
) No. 10-2142-JWL
)
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
)
                **Defendant.** )
_____ )

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying disability insurance benefits (DIB) and supplemental security income (SSI) under sections 216(I), 223, 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 416(I), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding error in the administrative law judge's (ALJ's) evaluation of the medical opinions, the court ORDERS that the Commissioner's decision is REVERSED, and judgment shall be entered in accordance with the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings.

**I.    Background**

Plaintiff applied for DIB and SSI on July 8, 2004 alleging disability since March 1, 2001. (R. 21, 140-43, 557-64). The applications were denied initially and upon reconsideration, and Plaintiff requested a hearing before an ALJ. (R. 21, 33-35, 74-75, 565-66). Plaintiff's request was granted, and ALJ James S. Stubbs held a hearing on November 27, 2007 and filed a decision on December 27, 2007. (R. 21, 36-53). Plaintiff disagreed with the decision and requested and was granted review of that decision by the Appeals Council, which vacated the decision and remanded for further proceedings. (R. 57-58).

On remand, Plaintiff appeared with counsel for a supplemental hearing before ALJ Stubbs on April 23, 2009. (R. 610-69). At the hearing, testimony was taken from Plaintiff, from a medical expert, and from a vocational expert. (R. 21, 612-69). On August 17, 2009, ALJ Stubbs issued a second decision finding that although Plaintiff is unable to perform his past relevant work, other jobs which he is able to perform exist in the economy in significant numbers and he is, therefore, not disabled within the meaning of the Act. (R. 21-31). Consequently, the ALJ denied Plaintiff's applications. (R. 31).

Plaintiff again sought review of the ALJ's decision, but this time the Appeals Council found no reason to review the decision, and denied review. (R. 10-12, 16-17). Therefore, the ALJ's decision is the final decision of the Commissioner and Plaintiff now seeks judicial review of that decision. (R. 10); Blea v. Barnhart, 466 F.3d 903, 908 (10th Cir. 2006).

II.     **Legal Standard**

The court's jurisdiction and review are guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1051-52 (10th Cir. 2009) (citing 42 U.S.C. § 405(g)); see also, 42 U.S.C. § 1383(c)(3) (final decision in an SSI case is also "subject to judicial review as provided in section 405(g) of this title"). Section 405(g) of the Act provides that, "The findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court must determine whether the factual findings are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but less than a preponderance, and it is such evidence as a reasonable mind might accept to support a conclusion. Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). The determination of whether substantial evidence supports the Commissioner's decision, however, is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

An individual is under a disability only if that individual can establish that he has a physical or mental impairment which prevents him from engaging in substantial gainful

activity and is expected to result in death or to last for a continuous period of at least twelve months.  Thompson v. Sullivan, 987 F.2d 1482, 1486 (10th Cir. 1993) (citing 42 U.S.C. § 423(d)); see also, Knipe v. Heckler, 755 F.2d 141, 145 (10th Cir. 1985) (quoting identical definitions of a disabled individual from both 42 U.S.C. §§ 423(d)(1) and 1382c(a)(3)(A)); accord, Lax, 489 F.3d at 1084 (citing 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).  The claimant's impairments must be of such severity that he is not only unable to perform his past relevant work, but cannot, considering his age, education, and work experience, engage in any other substantial gainful work existing in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner uses a five-step sequential process to evaluate disability.  20 C.F.R. §§ 404.1520, 416.920 (2007); Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Id. (quoting Lax, 489 F.3d at 1084.)

In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment, and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  If claimant's impairment(s) does not meet or equal a listed impairment, the Commissioner assesses RFC.  20 C.F.R. §§ 404.1520(e), 416.920(e).  This assessment is used at both step four and step five of the sequential process.  Id.

After assessing claimant's RFC, the Commissioner evaluates steps four and five--whether claimant can perform his past relevant work, and whether, when considering vocational factors of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (citing Lax, 489 F.3d at 1084). In steps one through four the burden is on claimant to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show jobs in the economy within Plaintiff's capacity. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Plaintiff claims remand is necessary because the ALJ committed numerous errors in weighing the medical opinions of two treating physicians and of the medical expert who testified at the hearing. The Commissioner argues that the ALJ properly considered the medical sources' opinions and found that the medical expert's opinion was supported by the medical evidence as a whole whereas the treating physician's opinions were not, and that substantial evidence in the record as a whole supports that determination. The court finds that the ALJ applied the incorrect standard in weighing the medical opinions, and did not support his findings with substantial evidence in the record as a whole.

## III.   Evaluation of the Medical Opinions

### A.   The ALJ's Evaluation

The ALJ summarized the testimony and the opinion of the medical expert, Dr. Katzman:

> To evaluate claimant's physical impairments, the undersigned elicited the testimony of medical expert Richard A. Katzman, M.D., a board-certified specialist in internal medicine. . . .
>
> Dr. Katzman noted that he disagreed with the Medical Source Statement by Dr. Jessica Kalender-Rich dated April 22, 2009 (Exhibit 21-F [(R. 514-16)]). Regarding that physician's opinion that claimant was not able to use foot controls, Dr. Katzman stated that claimant, according to the record, was able to drive an automobile. Overall, Dr. Katzman noted that there was no medical basis for Dr. Kalender-Rich's assessment of claimant's limitations with respect to sitting, standing, walking and lifting. Additionally, the medical expert noted that there was no medical basis for claimant's alleged need to lie down during the day because of his symptoms. Dr. Katzman further noted that when looking at the medical record, he found nothing to indicate that claimant was on any prescriptive narcotic pain medication. Dr. Katzman further noted that he disagreed with Dr. Kalender-Rich's limitations with respect to claimant's grasping with the right hand, noting that examinations had shown that claimant had no problems in this area (Exhibit 5-F, page 2 [(R. 329)]). He further noted that there was no medical basis for Dr. Kalender-Rich's limitations on claimant's fine manipulation, bending, stooping and balancing.
>
> When asked whether claimant's impairments, either singularly or in combination, met or equaled the severity of criteria of any listed impairment in Appendix 1, Dr. Katzman noted that they did not. He did note that claimant had evidence of neuropathy and pain, but the record showed claimant to be fairly self sufficient. Based on the totality of the medical record, Dr. Katzman opined that claimant could lift up to 20 pounds. No limitations were noted by Dr. Katzman for claimant with respect to sitting, standing and walking.
>
> The medical expert's testimony has been compared and contrasted to the medical evidence of record and overall, the undersigned finds that claimant's impairments, either singularly or in combination, would not prevent him from performing all types of gainful employment on a sustained, full-time basis.

(R. 25-26).

The ALJ also summarized the opinions of Plaintiff's treating physicians, Dr. Taylor-Butler, and Dr. Kalender-Rich, and stated the weight accorded the opinions of those doctors, and that of Dr. Katzman:

> The undersigned has also considered all medical opinions in this case, including the opinion of Dr. Taylor-Butler, one of claimant's treating physicians, in a Statement of Medical Condition form (Exhibit 14-F [(R. 455-58)]). . . . Regarding claimant's physical or mental limitations, Dr. Taylor-Butler reported that claimant could not lift anything more than 20 pounds, carry, push, or pull more than 10 pounds, walk more than 100 yards, or get up from a seated position. Difficulty was reported for claimant with respect to gripping with the left hand.
>
> The undersigned is according little weight to the above-cited opinion and assessment of limitations for claimant by Dr. Taylor-Butler as they are not consistent with the totality of the medical evidence, including that physician's own treatment records (Exhibit 11-F [(R. 379-424)]). Moreover, the form is unsigned and undated, and it appears that it was obtained from Dr. Taylor-Butler in August or September of 2005 through the SRS program.
>
> The undersigned has also considered the Medical Source Statement - Physical form completed by claimant's treating physician, Dr. Kalender-Rich dated April 22, 2009 (Exhibit 21-F [(R. 514-16)]). As referenced in the medical expert's testimony, the significant limitations assessed by Dr. Kalender-Rich in that April 2009 report are not consistent with the totality of the medical evidence. The undersigned also notes that Dr. Kalender-Rich's opinion and findings on that report are not consistent with her own treatment records, including those submitted by counsel after the hearing (Exhibit 22-F [(R. 517-56)]).
>
> The regulations specifically state that an Administrative Law Judge must weigh the credibility of respective physicians. Additionally, although the uncontradicted opinion of a treating physician is entitled to substantial weight, that tenet is not without some limitations. In weighing opinion evidence, the degree to which the opinion is supported by medical signs and findings is also considered (20 CFR §§ 404.1 527(d)(3) and 416.927(d)(3)). The undersigned finds that the opinion and findings of Dr. Kalender-Rich are not consistent with the totality of the medical evidence, and they are not

7

consistent with claimant's demonstrated level of functioning during the period at issue, all of which has been previously discussed. The undersigned further notes that Dr. Kalender-Rich's findings render an opinion on the ultimate issue of disability and inability to engage in gainful activity under the Social Security Act, all of which is reserved to the Commissioner (See 20 CFR §§ 404.1527(e) and 416.927(e)). Accordingly, the above-cited opinion and assessment by Dr. Kalender-Rich are being given little weight.

It is also noted that courts have held that a treating medical doctor's opinion deserves no greater respect than any other medical doctor's opinion, and a treating medical doctor's opinion has been discounted by medical expert testimony at hearings. Overall, the undersigned finds that the testimony of the board-certified medical expert with respect to claimant's physical complaints is supported by the medical evidence as a whole, and his testimony is therefore reasonable and unimpeached.

(R. 28-29).

### B. The Legal Standard

Medical opinions may not be ignored and, unless a treating source opinion is given controlling weight, all medical opinions will be evaluated by the Commissioner in accordance with factors contained in the regulations. 20 C.F.R. §§ 404.1527(d), 416.927(d); Social Security Ruling (SSR) 96-5p, West's Soc. Sec. Reporting Serv., Rulings 123-24 (Supp. 2010). Those factors are: (1) length of treatment relationship and frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other

8

factors brought to the ALJ's attention which tend to support or contradict the opinion. Watkins v. Barnhart, 350 F.3d 1297, 1301 (10th Cir. 2003); 20 C.F.R. §§ 404.1527(d)(2-6), 416.927(d)(2-6); see also Drapeau v. Massanari, 255 F.3d 1211, 1213 (10th Cir. 2001) (citing Goatcher v. Dep't of Health & Human Servs., 52 F.3d 288, 290 (10th Cir. 1995)).

A physician who has treated a patient frequently over an extended period of time is expected to have greater insight into the patient's medical condition, and his opinion is generally entitled to "particular weight." Doyal v. Barnhart, 331 F.3d 758, 762 (10th Cir. 2003). But, "the opinion of an examining physician who only saw the claimant once is not entitled to the sort of deferential treatment accorded to a treating physician's opinion." Id. at 763 (citing Reid v. Chater, 71 F.3d 372, 374 (10th Cir. 1995)). However, opinions of examining sources are generally given more weight than the opinions of nonexamining sources who have merely reviewed the medical record. Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004).

> A treating physician's opinion must be given substantial weight unless good cause is shown to disregard it. Frey v. Bowen, 816 F.2d 508, 513 (10th Cir. 1987). When a treating physician's opinion is inconsistent with other medical evidence, the ALJ's task is to examine the other physicians' reports "to see if [they] 'outweigh[]' the treating physician's report, not the other way around." Reyes v. Bowen, 845 F.2d 242, 245 (10th Cir. 1988). The ALJ must give specific, legitimate reasons for disregarding the treating physician's opinion that a claimant is disabled. Frey, 816 F.2d at 513.

Goatcher, 52 F.3d at 289-90.

**C.     Analysis**

As revealed in the portions of the decision quoted above, the ALJ applied the incorrect legal standard in evaluating the medical opinions, and remand is necessary for the Commissioner to properly evaluate the medical opinions in accordance with the regulations and rulings as interpreted by the Tenth Circuit. In accordance with the law in this circuit, the opinions of Dr. Taylor-Butler, and Dr. Kalender-Rich as treating source opinions (1) might be found worthy of controlling weight, (2) are generally worthy of "particular weight," and even when not accorded controlling weight, (3) are "still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927." Watkins, 350 F.3d at 1300. The opinion of the medical expert, Dr. Katzman, on the other hand, is based merely upon a review of the record, and is generally not entitled to as much weight as that of a treating physician. E.g., Robinson, 366 F.3d at 1084. If the ALJ wishes to depart from the general practice, he must explain the reasons for his decision and support them with substantial evidence in the record. When he relies upon the opinion of a non-examining physician, he must explain the weight given to it. 20 C.F.R. §§ 404.1527(f)(2)(ii), 416.927(f)(2)(ii).

Here, the decision reveals that the ALJ accorded greater weight to the opinion of the medical expert who had merely reviewed the record than to the opinions of the treating physicians. Although that is contrary to the general practice, it is not erroneous in every circumstance. However, the reasons the ALJ did so in this case are not clear.

In fact, the ALJ stated that the opinion of a treating source "deserves no greater respect than any other medical doctor's opinion." (R. 28). Moreover, the ALJ stated that

"although the <u>uncontradicted</u> opinion of a treating physician is entitled to substantial weight, that tenet is not without some limitations." (R. 28) (emphasis added). He then explained that unsupportability (the third regulatory factor) was a basis to give less weight to such an opinion. Id. Thus, it may fairly be said the ALJ determined that where treating source opinions are uncontradicted, the regulatory factors should be applied to determine whether the treating source opinions should be accorded substantial weight, or lesser weight; but that when the treating source opinions are contradicted by other medical opinions such as Dr. Katzman's opinion in this case, no one opinion is worthy of greater respect than any other, and the ALJ may choose the one (or ones) upon which he decides to rely so long as he states a reason for doing so.

The ALJ's application of this incorrect standard is confirmed by his evaluation of the medical opinions. He found that the opinions of both Dr. Taylor-Butler and Dr. Kalender-Rich are "not consistent with the totality of the medical evidence," and are not consistent with the physician's own treatment records; and he accorded those opinions "little weight." (R. 28). He then found "that the testimony of the board-certified medical expert with respect to claimant's physical complaints is supported by the medical evidence as a whole, and his testimony is therefore reasonable and unimpeached." (R. 28-29) (without citation). The decision reveals the ALJ assumed each and every medical opinion was deserving of equal deference or respect, and he therefore gave greater weight to the one he found to be supported by "the medical evidence as a whole."

11

This is error as a matter of law. As discussed above, the law in the Tenth Circuit is that a <u>treating physician's opinion is worthy of deference</u>, and may be discounted only if justified by specific, legitimate reasons supported by substantial evidence. The ALJ does not cite to any authority for the proposition he expressed. While another medical opinion might be worthy of greater weight than that of a treating source, the law instructs the ALJ in making such a determination to remember the deference due the treating source opinion, and to examine the other physician's opinion to see if it outweighs the treating physician's opinion, not the other way around. He must then explain why the other physician's opinion outweighs the treating source opinion and give specific, legitimate reasons for discounting the treating source opinion. Here, the ALJ merely chose the opinion of the medical expert as the "better" of three opinions, each worthy of equal deference.

Moreover, were the court to find that the ALJ had applied the correct legal standard, it would nonetheless find that in the circumstances of this case substantial evidence in the record as a whole does not support the ALJ's findings. Here, the ALJ found the treating sources opinions are not consistent with the totality of the medical evidence or with the sources' own treatment notes, but that the opinion of the medical expert is supported by the medical evidence as a whole and is therefore reasonable and unimpeached. These conclusions do not explain why the medical expert opinion outweighs the treating sources opinions, how the medical expert testimony is supported by the medical evidence as a whole, or how the treating sources opinions are inconsistent

12

with the record. The court may not reweigh the evidence; Bowman, 511 F.3d at 1272; Hackett, 395 F.3d at 1172, and may affirm the decision only on the basis of the rationale presented therein. Robinson, 366 F.3d at 1084.

As a preliminary matter, the court cannot find substantial evidence in the record as a whole which supports the ALJ's finding that the opinion of the medical expert is unimpeached. This is so primarily because, as is implicit in the decision, the opinions of Dr. Kalender-Rich and Dr. Taylor-Butler are contrary to that of Dr. Katzman. Therefore, even if Dr. Katzman's opinion is supported by all of the other medical evidence exclusive of those opinions, it cannot be characterized as unimpeached. That is merely circular reasoning–"I have found the contrary evidence is unworthy of weight, therefore, there is no contrary evidence."

Next, the Commissioner argues that the ALJ discounted Dr. Kalender-Rich's opinion in part because there is no medical basis in the evidence for significant portions of that opinion, as the medical expert explained. The structure of the decision supports such an argument, and were the opinions of Dr. Katzman and Dr. Kalender-Rich the only two opinions at issue here, the court would be tempted to find that the ALJ relied upon that rationale. However, the ALJ discounted Dr. Kalender-Rich's opinion and Dr. Taylor-Butler's opinion for two of the same reasons (they are not consistent with (1) the totality of the medical evidence or with (2) their own treatment notes), but Dr. Katzman did not address Dr. Taylor-Butler's opinion, and the ALJ did not ask him about it. Thus, if the court were to find that the ALJ adopted Dr. Katzman's rationale in determining that

13

Dr. Kalender-Rich's opinion was not consistent with the totality of the medical evidence, there would still be no rationale in the decision to explain why the ALJ found Dr. Butler-Taylor's opinion is not consistent with the totality of the medical evidence, or to find that either treating source opinion is not consistent with that physician's treatment notes.

The ALJ simply did not mention in his decision what it is about the medical evidence of record or about either physician's treatment notes which is inconsistent with the treating sources' opinions. Therefore, in order for the court to determine whether substantial evidence supports the finding, it would have to reweigh the medical evidence and each physician's treatment notes and determine what, if any, inconsistencies exist between the evidence and the doctors' opinions before it could then determine whether substantial evidence supports the ALJ's finding that the opinions are worthy only of "little weight" because of the inconsistencies. That the court may not do. In judicial review of a Social Security decision, the court is not to determine disability <u>ab initio</u>. Rather, it may determine only whether the Commissioner applied the correct legal standard, and whether substantial evidence on the record as a whole supports <u>the Commissioner's</u> decision.

In a final comment, the court notes that Plaintiff claimed the ALJ erroneously discounted Dr. Taylor-Butler's opinion because it was undated and unsigned, but did not first recontact Dr. Taylor-Butler in that regard as instructed by the Appeals Council. Plaintiff acknowledged that the Tenth Circuit has found in an unpublished opinion that a challenge to the ALJ's adherence to a remand order of the Appeals Council is not

14

cognizable by the court, but cites to courts in other jurisdictions which have found justification to remand for failure to follow instructions of the Appeals Council. (Pl. Br. 14-15) (citing Gallegos v. Apfel, No. 97-2267, 1998 WL 166064, *2 (10th Cir. April 10, 1998); Galbadon v. Barnhart, 399 F. Supp. 2d 1240, 1251 (D.N.M. 2005) (following the Gallegos decision); and other cases outside the Tenth Circuit). The Commissioner responded that in accordance with Gallegos the court has jurisdiction only to review the final decision of the Commissioner, not to enforce the orders of the Appeals Council.

The court agrees with the Commissioner that its jurisdiction is limited to judicial review of the final decision of the Commissioner. However, in that decision the ALJ recognized that Exhibit 14-F contains the medical opinion of Dr. Taylor-Butler which was obtained in August or September of 2005, and then he discounted the opinion, in part, because the form in which the opinion was presented was undated and unsigned. (R. 28). Neither the ALJ nor the Commissioner has pointed to any regulation or principle of law or medicine requiring that a medical opinion must be signed and dated to be accorded weight in a Social Security decision, and the court is aware of none. However, by regulation and by Social Security Ruling, the Commissioner has defined medical opinions, and instructed on how they are to be evaluated and weighed in disability proceedings. 20 C.F.R. §§ 404.1512, 404.1513, 404.1527, 416.912, 416.913, 416.927; SSR 96-2, SSR 96-5.

The court can find no requirement in these regulations or rulings that a medical opinion must be signed or dated. The only relevance of which the court is aware in such

facts, is the eventuality that it may be impossible to identify an unsigned opinion as a medical opinion because it may be impossible to determine whether it is from an "acceptable medical source" as required by the regulations; or that it may be impossible to identify the period to which an undated opinion applies in determining the onset date of an impairment or of disability. Neither of those considerations is present here. The ALJ accepted the opinion as that of Dr. Taylor-Butler, and accepted that the opinion was formulated in August or September of 2005. Therefore, the fact that the opinion was unsigned and undated is simply irrelevant to the weight to be given in this case because the authenticity or relevant time of the opinion is not in doubt. In the circumstances presented here, it was error to discount the opinion because it was undated and unsigned.

Moreover, under the governing regulations, the Commissioner must recontact a treating physician when the information the doctor provides is "inadequate . . . to determine whether [the claimant is] disabled." 20 C.F.R. §§ 404.1512(e), 416.912(e). Therefore, when an opinion is undated and/or unsigned, and that fact is relevant to a determination whether the opinion is a medical opinion or to the weight to be accorded that opinion, the evidence is likely inadequate to determine disability, and it will usually be found that the ALJ had a duty to recontact the source whose alleged opinion is at issue, for clarification. The ALJ erred in discounting Dr. Taylor-Butler's opinion because it was undated and unsigned without recontacting the physician or at least explaining why it was unnecessary in the circumstances to do so.

**IT IS THEREFORE ORDERED** that the Commissioner's decision is REVERSED, and that judgment shall be entered in accordance with the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this opinion.

Dated this 3rd day of February 2011, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**